IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

TORRANCE COTTON                                                                                  PETITIONER

v.                                    2:23-cv-00231-BSM-JJV

C. GARRETT, Warden                                                                             RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

I.   **INTRODUCTION**

Petitioner Torrance Cotton was an inmate at the Federal Correctional Institution – Forrest City Low at the time he filed this *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 3.) He alleges the Bureau of Prisons ("BOP") has improperly refused to grant him release to pre-release custody under the terms of 18 U.S.C. § 3624(c)(1), instead applying his earned time credits under the First Step Act to grant him release. (*Id*. at 2.) Now pending before the Court is Respondent C. Garrett's Motion to Dismiss as Moot. (Doc. No. 9.) Mr. Cotton has not responded, and the time for doing so has passed. After careful review, and for

the following reasons, I find the Motion to Dismiss should be GRANTED. Mr. Cotton's Amended Petition for Writ of Habeas Corpus should be dismissed as moot.

## II.   FACTS

Mr. Cotton was convicted of conspiracy to distribute cocaine and possession with intent to distribute cocaine in the United States District Court for the Eastern District of Missouri, and he was sentenced to 180 months' imprisonment followed by eight years' supervised release. (Doc. No. 9-1.) He filed his Amended Petition for Writ of Habeas Corpus on December 7, 2023, while serving that sentence in the FCI – Forrest City Low. (Doc. No. 3.) In his Amended Petition, he claims he is entitled to the "full statutory term(s)" of twelve months in a residential reentry center ("RRC") and six months of home confinement under 18 U.S.C. § 3624(c)(1). (Doc. No. 3 at 2.) He asserts the BOP's use of his earned First Step Act credits to grant him fourteen months of pre-release custody, as opposed to granting him eighteen months under § 3624(c)(1), violates his rights. (*Id*.) For relief, Mr. Cotton requests immediate transfer to pre-release custody. (*Id*. at 5-6.)

Since the filing of his Amended Petition, Mr. Cotton has been released to an RRC, as evidenced by his Notice of Change of Address (Doc. No. 6) and BOP records. *See* https://www.bop.gov/inmateloc/ (accessed Feb. 7, 2024).

## III.   ANALYSIS

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). This means that a litigant "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477

(1990).  If a change in circumstances during the pendency of a habeas petition means that it no longer presents a case or controversy, the petition becomes moot.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  More specifically, the United States Court of Appeals for the Eighth Circuit has held that, when a habeas petition seeks placement at a residential reentry center, the petitioner's subsequent transfer to a residential reentry center moots the petition.  *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008).

Mr. Cotton's Amended Petition seeks immediate transfer to pre-release custody.  (Doc. No. 3 at 5-6.)  Since the filing of his Amended Petition, he has been transferred to pre-release custody at an RRC.  Accordingly, he has received all the relief requested, and his Amended Petition is now moot.

**IV.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.   Respondent's Motion to Dismiss (Doc. No. 9) be GRANTED.

2.   Mr. Cotton's Amended Petition for Writ of Habeas Corpus (Doc. No. 3) be DENIED as moot and DISMISSED without prejudice.

DATED this 8th day of February 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE